UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
Lafayette Division

| | |
|---|---|
| IN RE: J-H-J, INC. | CASE NO. 19-51367 |
| DEBTOR | CHAPTER 11 |
| IN RE: LAFAYETTE PIGGLY WIGGLY, LLC | CASE NO. 19-51366 |
| DEBTOR | CHAPTER 11 |
| IN RE: T. H. G. ENTERPRISES, LLC | CASE NO. 19-51368 |
| DEBTOR | CHAPTER 11 |
| IN RE: SVFOODS OLD HAMMOND, LLC | CASE NO. 19-51369 |
| DEBTOR | CHAPTER 11 |
| IN RE: SVFOODS JEFFERSON, LLC | CASE NO. 19-51370 |
| DEBTOR | CHAPTER 11 |
| IN RE: T & S MARKETS, LLC | CASE NO. 19-51371 |
| DEBTOR | CHAPTER 11 |
| IN RE: TSD MARKETS, LLC | CASE NO. 19-51372 |
| DEBTOR | CHAPTER 11 |
| IN RE: BAKER PIGGLY WIGGLY, LLC | CASE NO. 19-51373 |
| DEBTOR | CHAPTER 11 |
| IN RE: BR PIG, LLC | CASE NO. 19-51374 |
| DEBTOR | CHAPTER 11 |

**EMERGENCY MOTION FOR ORDER UNDER BANKRUPTCY RULE 1015(b) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

**NOW INTO COURT,** through undersigned counsel, come JHJ, Inc. ("JHJ"), Lafayette Piggly Wiggly, LLC ("PWLafayette"), T.H.G. Enterprises, LLC ("THG"), SVFoods Old

Hammond, LLC ("SVOH"), SVFoods Jefferson, LLC ("SVJefferson"), T&S Markets, LLC ("T&S"), TSD Markets, LLC ("TSD"), Baker Piggly Wiggly, LLC ("PWBaker"), and BR Pig, LLC ("PWBR"), as debtors and debtors-in-possession (collectively, "Debtors"), who respectively move this Court for entry of an *ex parte* order under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure granting joint administration of their respective chapter 11 cases (the "Motion") and, in support thereof, respectively represent:

### Jurisdiction

1.

This Court has jurisdiction over this Motion under 28 U.S.C. §1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.

The statutory predicate for the relief sought herein is Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and section 105(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code").

3.

### Background

On November 15, 2019 ("Petition Date"), PWLafayette filed a petition for voluntary relief under chapter 11 of the Bankruptcy Code. Thereafter, on the same date, JHJ, THG, SVOH, SVJefferson, T&S, TSD, PWBaker and PWBR each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. No creditors' committee has been appointed in any of the Debtors' cases; and, the Debtors are continuing to operate their businesses and manage their property in the ordinary course as debtors-in-possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

JHJ is a Louisiana corporation, formed in 1984 for the purpose of owning and operating retail grocery stores in the Baton Rouge metropolitan area. Currently, JHJ owns and operates two such stores. Beginning in 1998, the remaining Debtors were formed by certain shareholders of JHJ for purposes of operating retail grocery stores in various locations in southern Louisiana. Collectively, the Debtors currently own and operate 12 grocery stores under the names Piggly Wiggly or Shoppers Value. All general administrative duties for the Debtors are handled by JHJ.

In 2018, certain shareholders of JHJ formed SVJefferson and four other non-Debtor entities for the purposes of purchasing five (5) Winn-Dixie stores ("WD Stores") from the Southeastern Grocers, LLC bankruptcy estate. Of those five WD Stores, only SVJefferson remains in operation today. The acquisition and related investments into the WD Stores have placed a significant financial burden on the Debtors, who have guaranteed the indebtedness associated therewith. Based on the foregoing circumstances, the Debtors commenced their respective chapter 11 proceedings.

4.

**Relationship of the Debtors' Estates**

The Debtors are co-debtors on certain obligations owed to Supervalu, the Debtors' primary inventory supplier. Supervalu was granted corporate guarantees and security interests affecting the Debtors' accounts receivable, inventory, equipment and certain general intangibles. In addition, the Debtors are co-debtors on obligations owed to Iberia Bank under the Small Business Administration loan obtained in connection with the acquisition of the WD Stores. Such indebtedness is secured by liens affecting, *inter alia*, the equipment of SVJefferson and other WD Stores.

5.

Joint administration of these cases will reduce costs and expenses and facilitate the development and confirmation of a joint plan of reorganization to maximize payment to creditors of the Debtors.

6.

**Relief Requested**

By this Motion, the Debtors request entry of an order authorizing joint administration of the Debtors' chapter 11 cases for administrative purposes only.

7.

**Basis for Relief**

Rule 1015(b) of the Federal Rules of Bankruptcy Procedure provides, in pertinent part: "[i]f ….two or more petitions are pending in the same court by or against (1)….(4) a debtor and an affiliate, the court may order a joint administration of the estate". Fed. Rules Bankr. Pro. 1015(b).

8.

Each of the Debtors are affiliates under 11 U.S.C. §101(2), as Garnett Jones, Jr. owns at least 20% of each of the Debtors and holds corresponding voting power for each Debtor.

9.

The issues that will be addressed in the Debtors' chapter 11 cases will, to a large extent, be related and overlapping. Joint administration of these cases will eliminate the need for duplicative notices, motions, applications, hearings, and orders, and will therefore save considerable time and expense for the Debtors, their estates and their investors and creditors.

10.

Joint administration will not give rise to any conflict of interest among or adversely impact

the rights of the Debtors' respective estates, as the Debtors will each continue as separate legal entities, maintaining their separate books and records.

11.

Bankruptcy Rule 1015(b) provides that if the Court authorizes joint administration, the Clerk shall designate one of the cases as the lead case for docketing and filing; and thereafter maintain only the lead case docket as the active docket for filings in the consolidated cases. In order to optimally and economically administer these pending chapter 11 cases, the cases should be jointly administered, for procedural purposes only.

12.

The rights of the respective creditors will not be adversely affected by joint administration of these cases because this Motion requests only administrative consolidation of the cases, and the Debtors are not seeking substantive consolidation by this Motion.

13.

Notwithstanding the entry of an order granting the relief requested by this Motion, each creditor shall file a proof of claim against a particular Debtor's estate and the Debtors request that the Clerk of Court maintain a separate claims register for each respective case.

14.

By reason of the foregoing, the interests of the Debtors, their creditors and equity security holders would be best served by joint administration of the above-captioned cases as joint administration of these cases will reduce costs and expenses and facilitate the development and confirmation of a joint plan of reorganization for the benefit of the Debtors' creditors. Accordingly, the Debtors request that the caption of their cases be modified to reflect the joint administration of the chapter 11 cases as follows:

| IN RE: JHJ, INC., *et al.* | CASE NO. 19- |
|---|---|
| DEBTOR | CHAPTER 11 |

15.

**Notice**

Notice of this Motion has been given to (i) the Debtors; (ii) the United States Trustee; (iii) counsel for all secured creditors of the Debtors; (iv) the twenty (20) largest unsecured creditors of each of the Debtors; and, (v) all parties who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

**WHEREFORE**, each of the Debtors respectfully request that this Court enter an Order, substantially in the form submitted herewith, (a) authorizing the joint administration of JHJ, Inc.'s Chapter 11 case with the chapter 11 cases of Lafayette Piggly Wiggly, LLC, T.H.G. Enterprises, LLC, SVFoods Old Hammond, LLC, SVFoods Jefferson, LLC, T&S Markets, LLC, TSD Markets, LLC, Baker Piggly Wiggly, LLC, and BR Pig, LLC; and, (b) granting such other relief as the Court deems just and proper.

Respectfully submitted,

By: /s/ Barbara B. Parsons
William E. Steffes (La. Bar No. 12426)
Barbara B. Parsons (La. Bar No. 28714)
THE STEFFES FIRM, LLC
13702 Coursey Boulevard Building 3
Baton Rouge, Louisiana 70817
Telephone: (225) 751-1751
Facsimile: (225) 751-1998
E-mail: bparsons@steffeslaw.com
*Proposed Counsel for the Debtors*