## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF LOUISIANA
## Lafayette Division

| | |
|---|---|
| IN RE: | CASE NO. 19-51367 |
| J-H-J, Inc., *et al*. | CHAPTER 11 |
| DEBTORS | JOINTLY ADMINISTERED |

### EMERGENCY MOTION FOR INTERIM ORDER AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL AND SETTING FINAL HEARING

**NOW INTO COURT**, through undersigned counsel, come JHJ, Inc., Lafayette Piggly Wiggly, LLC, T.H.G. Enterprises, LLC, SVFoods Old Hammond, LLC, SVFoods Jefferson, LLC, T&S Markets, LLC, TSD Markets, LLC, Baker Piggly Wiggly, LLC, and BR Pig, LLC, as debtors and debtors-in-possession (collectively, the "Debtors"), which pursuant to Sections 11 U.S.C. §105, 363 and 364 and Rules 2002, 4001(b),(c) and (d) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby move (the "Motion") this Court for entry of interim and final orders authorizing the Debtors to use cash and accounts receivable which may be "cash collateral" and providing adequate protection for same, and scheduling a final hearing on the Motion pursuant to Federal Rule of Bankruptcy Procedure 4001.

1.

### JURISDICTION

This Court has jurisdiction over the Chapter 11 Cases and the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2).

2.

**BACKGROUND**

On November 15, 2019 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"). The Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. No trustee or examiner has been appointed in these Bankruptcy Cases.

3.

Collectively, the Debtors own and operate twelve (12) retail grocery stores and employ over 600 workers in south Louisiana ("Stores") under the names Shoppers Value Foods or Food Depot. The Stores are located in the Baton Rouge and Lafayette metropolitan areas, as well as in Bogalusa and Jefferson, Louisiana.

4.

The Debtors, along with other related entities ("Related Entities"), SVFoods Walker, LLC, SVFoods Avondale, LLC, SVFoods Harvey, LLC, SVFoods Westwego, LLC, SVFoods Big Pic, LLC, SVFoods Little Pic, LLC, and, TSJ Markets, LLC, are co-debtors on certain obligations owed to SuperValu, currently in an asserted principal amount exceeding $7 million ("Indebtedness"). Specifically, the Debtors are indebted to SuperValu under the terms of multiple promissory notes, issued between May 2016 and November 2018 ("Notes"). Such indebtedness is secured by liens in favor of SuperValu affecting the Debtors' accounts receivable, inventory, equipment and general intangibles. The vast majority of the Indebtedness was incurred for the purpose of purchasing inventory for multiple grocery stores ("WD Stores") formerly operating

under the name Winn-Dixie. Six WD Stores were acquired from the Southeastern Grocers bankruptcy estate in 2018. Of the WD Stores, only one remains in operation today, *i.e.*, the WD Store owned by SVFoods Jefferson, LLC.

The Notes ultimately became in default and the Debtors and SuperValu had, for several months preceding the bankruptcy, been engaged in discussions regarding resolution thereof.

5.

**RELIEF REQUESTED**

Through this Motion, the Debtors seek this Court's authorization to use cash which may be "cash collateral" as defined in 11 U.S.C. § 363(a) pursuant to sections 363(b)(2), (3) and (4) and Rule 4001(b), and provide adequate protection thereof retroactive to the Petition Date.

6.

In addition, the Debtors are seeking an immediate emergency preliminary hearing on the Motion to consider entry of an interim order pursuant to Bankruptcy Rule 4001 approving the use of Cash Collateral and adequate protection for same as to SuperValu retroactive to the Petition Date.

7.

The Debtors are further requesting that a final hearing ("Final Hearing") be scheduled on the use of cash collateral and adequate protection therefore, and that notice procedures in respect of the final hearing be established by this Court to consider entry of a final order ("Final Order") granting this Motion.

8.

The Debtors require use of the proceeds of all accounts receivable and cash on hand and in their bank accounts in the ordinary course of the Debtors' businesses to pay the expenses of operations incurred. Upon information and belief, SuperValu contends that the proceeds of all accounts receivable and the cash on hand and in bank accounts are collateral for the Indebtedness, and that SuperValu would be entitled to adequate protection for any use of the proceeds of all accounts receivable and cash on hand and in deposit accounts.

9.

The Debtors show that the Indebtedness asserted by SuperValu is approximately $7 million. In addition, SuperValu *may* be eligible to assert a potential claim under PACA[1] for outstanding payments owed on account of qualifying perishable inventory. Under PACA, eligible produce suppliers are the beneficiaries of a statutory trust (the "PACA Trust") in the buyer's applicable inventory and related sale proceeds. *See* 7 U.S.C. § 499e(c)(2). Assets of the PACA Trust are preserved as a non-segregated, floating trust and may be commingled with non-trust assets. 7 CFR 46.46(b). PACA Trust claims are senior to claims and liens of other creditors. *See, e.g., Tom Lange Co., Inc. v. Kornblum & Co., Inc. (In re Kornblum & Co., Inc.)*, 81 F.3d 280, 286 (2d Cir. 1996).

The Debtors maintain that the value of any PACA Trust assets far exceeds the amount of any PACA claim that may be asserted against the estates. The Debtors further aver that the collateral allegedly securing the debt to SuperValu, including the cash accounts, inventory and

---

[1] A certain portion of the merchandise sold in the Debtors' grocery stores may qualify as "perishable agricultural commodit[ies]" under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §§ 499a *et seq.* ("PACA").

equipment, exceeds the Indebtedness. However, to the extent that the proceeds of all accounts receivable and cash on hand and in bank accounts constitute cash collateral and SuperValu's liens thereon are not subject to avoidance or subordination and adequate protection is determined to be required, the Debtors propose to grant SuperValu a replacement lien on the Debtors' post-petition accounts receivable, inventory and cash on hand, retroactive to the Petition Date, as adequate protection for the Debtors' use of the proceeds of all accounts receivable and the cash on hand and in deposit accounts to the extent that same constitute cash collateral, and only to the extent of the actual diminution of the value of SuperValu's valid, enforceable security interests in the Debtors' assets.

10.

Notwithstanding the granting of the replacement lien, the Debtors request authority to use the proceeds of post-petition accounts receivable and the cash on hand and in bank accounts to pay all post-petition expenses of operation in the ordinary course of business and to make other expenditures outside the ordinary course of business as may be authorized by this Court. A preliminary budget is attached hereto as **Exhibit "A".**

11.

By filing the Motion, the Debtors propose that all legal and equitable rights, if any, of the Debtors and SuperValu are preserved and deemed not waived, including, but not limited to:

(A)     The Debtors' rights to seek a surcharge under 11 U.S.C. § 506(c);

(B)     The right of SuperValu to object to any future requests for authorization to use cash collateral;

(C) The right of SuperValu to resist and defend against any attempts to seek a surcharge under 11 U.S.C. § 506(c) or to assert rights of setoff, compensation and/or recoupment under 11 U.S.C. § 553 or otherwise;

(D) The Debtors' rights to assert that the proceeds of all accounts receivable and the cash from on hand and in bank accounts do not constitute "cash collateral" as defined in Section 363, and that SuperValu is not entitled to adequate protection for the use thereof; and,

(E) The Debtors' rights under Sections 510, 544, 545, 547, 548, 549, 550, 551, and 552 of the Bankruptcy Code to avoid and/or prime any lien of SuperValu on the proceeds of all accounts receivable and the cash from on hand and in bank accounts.

12.

Rule 4001(b)(2) provides that a bankruptcy court may conduct a hearing on a motion under Section 363 of the Bankruptcy Code before expiration of a fourteen (14) day notice period as described therein and may authorize the use of cash collateral to the extent necessary to avoid immediate and irreparable harm to a debtor's estate pending a final hearing ("Preliminary Hearing"). Pending a final hearing on this Motion (which the Debtors request take place on or before thirty (30) days from the Petition Date, subject to the Court's availability), the Debtors must use cash collateral to maintain their operations until such final hearing is actually conducted.

13.

Accordingly, the Debtors request that the Court conduct an emergency interim hearing to consider the Debtors' request to use cash collateral.

14.

The Debtors further propose that the Final Hearing be held on the Debtors' request to use cash which may be cash collateral at least fourteen (14) days after service of this Motion, at which time the Debtors will ask the Court to consider entry of a final order. The Debtors submit that the Court's consideration of this Motion at an interim and final hearing held upon the notice proposed herein is consistent and in accordance with the procedures set forth in Bankruptcy Rule 4001(b) respecting the Debtors' obtaining the use of cash collateral.

15.

**NOTICE**

The Debtors also request this Court's approval of the form and manner of notice with respect to the preliminary and final hearing on the Motion. Notice of the Preliminary Hearing and the relief requested in the Motion has been given to (i) the Office of the United States Trustee; (ii) SuperValu; (iii) all parties who have formally appeared and requested notice in this proceeding pursuant to Bankruptcy Rule 2002; (iv) the twenty (20) largest unsecured creditors of the Debtors on a consolidated basis; and, (v) the secured creditors of the Debtors on a consolidated basis. No creditors' committee has been appointed in the Chapter 11 case. Under the circumstances, such notice of the Preliminary Hearing and the relief requested in the Motion complies with the requirements of Bankruptcy Code Section 364, 363 and Bankruptcy Rules 2002 and 4001.

16.

The Debtors propose to give at least fourteen (14) days advance notice of the hearing on the Final Order (the "Final Hearing") on the parties served with notice of the Preliminary Hearing, any other party which has filed a request for notice with this Court prior to the Preliminary Hearing

and to counsel for any statutory committee appointed pursuant to Bankruptcy Code Section 1102. Objections to entry of the Final Order shall be in writing and shall be filed with the Clerk of the Bankruptcy Court with a copy contemporaneously served upon: (i) William E. Steffes and Barbara B. Parsons, The Steffes Firm, LLC, 13702 Coursey Boulevard, Building 3, Baton Rouge, Louisiana 70817, attorneys for the Debtors. Any objections by creditors or other parties in interest to any of the provisions of the Final Order shall be deemed waived unless filed and served in accordance with this paragraph. The Debtors submit that such service and notice of the Preliminary Hearing and Final Hearing should be deemed good and sufficient.

**WHEREFORE**, Debtors respectfully request that this Court (a) after expedited consideration, enter an Interim Order as requested herein, (b) schedule a Final Hearing on the Motion and a final date for filing objections thereto, (c) authorize the use of cash which may constitute cash collateral and adequate protection for same retroactive to the Petition Date, (d) approve the form and manner of notice set forth herein on the Preliminary Hearing and Final Hearing on this Motion, (e) after the Final Hearing, enter a Final Order in a form substantially identical to the Interim Order with respect to use of alleged cash collateral and adequate protection for same, and (f) grant to Debtors such other and further relief as the Court deems just and proper.

Respectfully Submitted:

By: /s/ Barbara B. Parsons
William E. Steffes, #12426
Barbara B. Parsons, #28714
THE STEFFES FIRM, LLC
13702 Coursey Boulevard Building 3
Baton Rouge, LA 70817
Telephone: (225) 751-1751
Facsimile: (225) 751-1998

Email: bparsons@steffeslaw.com

*Proposed Counsel for the Debtors*